## G. J. SHOEMAKER ET AL. v. HARRISBURG.

122  285
200  20

### ERROR TO THE COURT OF COMMON PLEAS OF DAUPHIN COUNTY.

Argued May 29, 1888—Decided January 7, 1889.

The act of May 24, 1887, P. L. 204, dividing the cities of this state into seven classes, etc., being unconstitutional and void,—Ayars' App., ante 266,—a municipal lien entered for an assessment, against an abutting owner, of the cost of paving a street in a city of the fifth class, under par. XI., § 2, article VII., of said act, is unauthorized and void.

Statement of Facts.

Before GORDON, C. J., PAXSON, STERRETT, GREEN, CLARK and WILLIAMS, JJ.; TRUNKEY, J., absent.

No. 15 May Term 1888,* Sup. Ct.; court below, No. 358 January Term 1888, C. P.

On December 5, 1887, a scire facias sur municipal lien was issued in favor of the city of Harrisburg, for use of the Barber Asphalt Paving Company, against George J. Shoemaker, Mrs. M. Weightman, Mrs. Rose Scheffer, George E. Shoemaker, Mrs. Annie R. Evans and L. C. Shoemaker, owners or reputed owners. The lien, as filed the same day to No. 1113 Municipal Tax Lien Docket, was "for paving and curbing Market street from Front street to the Pennsylvania Railroad Company; entered and filed in accordance with the act of the general assembly entitled 'An act dividing cities of this state into seven classes,' etc., etc., approved May 24, 1887: Date of assessment, August 8, 1887, for the sum of $1,192.44, interest from September 29, 1887: assessed against the following described property:" etc. The defendants pleaded, "no lien, nil debet, payment with leave," etc.

At the trial on March 1, 1888, the facts shown, so far as necessary to be given, in view of the decision of this court, were as follows:

The city of Harrisburg was incorporated by the special act of March 19, 1860, P. L. 175, but, by the act of May 24, 1887, P. L. 204, dividing the cities of the state into seven classes, etc., became a city of the fifth class. By par. XI., § 2, article VII., of the act of 1887, power was given to cities of the fifth class to grade, pave, macadamize and curb any public street, lane or alley, and to provide for the payment of the cost and expense of the same by the city, or by the owners of real estate abutting, by an equal assessment on said property in proportion to the number of feet fronting thereon; "but councils shall not order any street, lane or alley, or part thereof, to be paved or macadamized at the cost of the owners . . . . . except upon the petition of a majority in number of

---

* This case and Berghaus v. Harrisburg, and Klugh v. Harrisburg, immediately following, should have appeared hereafter with the Middle District cases, but by direction are reported in this place because of their relation to Ayars' Appeal, preceding.

such owners, or upon the petition of the persons owning a majority of the feet front on the street, lane or alley, or part thereof, to be improved, unless the ordinance for such improvement shall have been passed by a vote of two thirds of all the members of each branch of councils, in which case, councils may direct the improvement to be made at the cost of the owners, without petition."

On July 27, 1887, the joint committee on highways, in pursuance of certain ordinances of councils awarded a contract for paving Market street from Front street on the Susquehanna river to the roadway of the Pennsylvania R. Co., with sheet asphaltum, to the Barber Asphalt Paving Company, of Buffalo, N. Y., at $2.75 per square yard, and for granite curbing at $1.50 per lineal foot, where new curbing was required. On August 8th, the select and common councils approved the foregoing action of the highway committee, and on the same day the board of viewers made its schedule of assessments of the cost of paving and curbing the street, by virtue of which the lien in this suit was claimed. The formal contract with the paving company was signed on August 13, 1887; * the work began on August 29th, and was completed on October 26th.

The defence made was in substance that the power given by the act was to pave, and not to re-pave ; that in 1832 Market street, before then a dirt road, was graded and macadamized at the public expense, and afterwards again macadamized with greater completeness and since maintained at the public expense, though without charge at either time against the abutting owners ; that the property of the defendants was not benefited in the least by the re-pavement; and that fatal irregularities existed in the estimates and assessments made and filed and in the ordinances passed. It was also claimed " that so much of the act of May 24, 1887, as allows the paving, without petition, to be done at the expense of the abutting lot holders, was in violation of § 1, article IX. of the constitution."

---

* This contract was not found in the paper-books, so that it does not appear upon what terms the paving company became the assignee of the right of the city to proceed upon the lien filed.

By agreement of the parties at the suggestion of the court, the jury returned a special verdict finding the facts, and subsequently on April 3, 1888, the court, McPHERSON, J., by an opinion citing Washington Avenue, 69 Pa. 352; Shoemaker v. Harrisburg, 4 Pa. C. C. R. 86 *; City v. Hays, 93 Pa. 72, and Hammett v. Philadelphia, 65 Pa. 146, directed judgment to be entered on the verdict in favor of the plaintiff for $1,216.85, including interest and a penalty of ten per cent, under § 14, article XIX., act of 1887, P. L. 253.

Then the defendants took this writ, assigning as error, inter alia :

4. The court erred in entering judgment on the special verdict in favor of the plaintiff.

*Mr. Levi B. Alricks*, for the plaintiffs in error.

*Mr. C. H. Bergner* (with him *Mr. Thos. S. Hargest, City Solicitor*), for the defendant in error.

OPINION, MR. JUSTICE STERRETT :

The controlling question in this case is raised by the fourth specification of error, viz. : " The court erred in entering judgment on the special verdict, in favor of plaintiff." It appears that the municipal lien, on which the scire facias issued, was entered under and in accordance with the act of May 24, 1887, dividing cities of this state into seven classes, etc. The validity of the alleged lien depends solely on that act. It is not even suggested that there was or is any other warrant for the entry of the lien. In an opinion just filed in Ayars' Appeal, No. 3 July Term 1888, [ante, 266,] we have pronounced that act unconstitutional. That being so, it follows that the lien was unauthorized and void, and the judgment cannot be sustained.

It is unnecessary to notice the remaining specifications of error. Some of them involve questions that would be important if it were not for the fact that the lien itself was unauthorized and invalid.

Judgment reversed.

---

* In the case here cited, the facts upon which the present suit was defended very fully appear.